## Murphy, Trustee, *v.* Belt Automobile Indemnity Association, Appellant.

Argued December 7, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Thomas E. Comber, Jr.,* for appellant, cited, as to payment: Kull v. Mastbaum & Fleisher, 269 Pa. 202.

As to limitation: Hocking v. Ins. Co., 130 Pa. 170; Holtby v. Zane, 220 Pa. 178; Mooney v. Supreme Council of the Royal Arcanum, 243 Pa. 463; Wernick v. Underwriters Agency, 90 Pa. Superior Ct. 186; Watters v. Fisher, 291 Pa. 311.

*Frank J. Eustace, Jr.,* for appellee, cited, as to payment: Crane v. Bank, 4 Pa. Dist. Rep. 131.

As to limitation: Edwards v. Ins. Co., 5 Kulp 259; Harold v. Ins. Assn., 2 Pa. Dist. R. 503; Coursin v. Ins. Co., 46 Pa. 323; Bonnert v. Ins. Co., 129 Pa. 558; Grosch v. Trexler, 66 Pa. Superior Ct. 485.

OPINION BY MR. JUSTICE WALLING, January 7, 1929:

This appeal is by defendant from judgment for plaintiff in an action on an automobile liability insurance policy. On May 26, 1921, a judgment of $14,000 was entered in favor of Lawrence R. McAdoo et al. against John Ross, Sr., in an action of trespass for personal injuries, the result of an automobile accident. At the time, Ross was driving the car of his brother, William Charles Ross, of Philadelphia, whose car was covered by a $5,000 liability policy in the defendant company. This policy provided, inter alia, that, "If the schedule of warranties attached to this contract shows that said automobile is used for pleasure purposes only, then this paragraph shall also protect to the same extent and amount on the same terms and subject to the same conditions as it does the subscriber named in this contract, any person or persons over 16 years of age while riding in or operating the said automobile (for private pleasure or business calls excluding commercial delivery) with the permission of said subscriber named in this contract." By virtue of this and other provisions of the policy the judgment created a prima facie liability in favor of John Ross, Sr., to the amount of $5,000. Lincoln L. Eyre, Esq., late of the Philadelphia Bar, had represented the insurance company in the defense of the McAdoo suit and in the closing stages of the case was retained personally by John Ross, Sr., and was also attorney for William Charles Ross. About July 1, 1921, Eyre, realizing that the insurance company had no defense and ostensibly to forestall an attachment on the McAdoo judgment, wired and wrote the company at its head office in Illinois urgently requesting that it send a check of $5,000, payable to his order as attorney for William Charles Ross. His letter of July 1st, stating, inter alia: "It all gets back to the fact that the Belt [the defendant] owes this money either to the insured or John Ross and as I am attorney for both of them as well as the Belt, a payment at once to me is a satisfaction of

the policy and is the only method by which to block the attachment which I am looking for at any moment." In this correspondence he also promised to retain the money to await developments or until the company consented to its transfer to Ross. On July 6, 1921, the company sent Eyre a $5,000 check payable to his order as attorney for William Charles Ross. He so endorsed it and received the money. It was mutually understood that while the policy was in the name of William Charles Ross, John Ross, Sr., was the real beneficiary, and the former made no claim thereunder. The latter was in California and did not return to Philadelphia until the early summer of 1922. Eyre then informed him of the receipt of the $5,000 in settlement of the policy and from time to time made John Ross, Sr., payments thereon amounting in all to $2,000 and was permitted by the latter to retain the balance for legal services. John Ross, Sr., recognized the payment to Eyre, attorney for William Charles Ross, as a full satisfaction of the policy and never made any claim against the insurance company thereon.

Early in 1924 John Ross, Sr., filed a voluntary petition in bankruptcy and in due course John T. Murphy, Jr., was made trustee of his estate. On May 21, 1927, the trustee brought this suit against the Belt Automobile Indemnity Association, defendant. The jury, in effect, found that as a matter of fact the $5,000 check was paid to Eyre as agent for the company and that it was liable to plaintiff on the policy for the entire $5,000 with interest, less the $2,000 paid to Ross. This appeal by defendant is from judgment entered upon the verdict.

The judgment cannot be sustained. Eyre occupied the dual position of attorney for the insurer and the insured. In urging the company to pay he was acting ostensibly for it, but when he received the check expressly as attorney for the insured he represented him as he also did when he promised the company that the $5,000 check should satisfy the policy. That by prompt action the

insured might have repudiated the settlement made with and the payment made to the attorney is possible. Ross, however, not only failed to repudiate the transaction but ratified it and never made any claim against the company. After such ratification, at least, it was a matter between John Ross, Sr., and his attorney. The defendant never attempted to reclaim the $5,000 or any part of it, or to prevent its payment to Ross. The legal effect of the transaction, especially when ratified by the insured, was to discharge the defendant from further liability. This is an action on a contract and the statement contains no allegation of fraud or bad faith or of any attempt to defraud the creditors of Ross. The latter could have made such settlement direct with the company and so could his attorney with his approval.

A provision in the policy stipulates that suit on it must be brought within twelve months after the right of action accrues. What, if anything, defendant did to waive that or justify the bringing of this suit practically five years after the right was barred under this provision, we need not decide.

The judgment is reversed and is here entered for the defendant non obstante veredicto.